■ In the Matter of JOE BELL GAMES, INC., Petitioner, against GEORGE H. VINETTE, a Justice of the Supreme Court, et al., Respondents.— Upon stipulation, application withdrawn and proceeding discontinued, without costs. ' (Application to compel a Justice of the Supreme Court to determine whether an issue of fact has been raised and to try same or render final order.) Present — McCurn, P. J., Kimball, Williams, Bastow and Halpern, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ROBERT FRANK PITCHER, Appellant.— Judgment of conviction reversed on the law and facts and a new trial granted. Memorandum: The defendant-appellant was convicted of assault in the second degree upon a State Trooper, under subdivision 5 of section 242 of the Penal Law. Specifically, the appellant was accused of striking the officer with his fist, with the intent to prevent or resist — the lawful apprehension or detention of himself. In order to convict the defendant of the crime charged, the burden was upon the People to prove beyond a reasonable doubt that the defendant was lawfully apprehended or detained. It was defendant's right to use reasonable and necessary force to resist apprehension or detention if unlawful. The officer placed the defendant under arrest in a dance hall. He testified that he hit the defendant before the arrest and that he told the defendant he was arresting him for disorderly conduct. (Penal Law, § 722.) It is conceded that he had no warrant of arrest and, of course, violation of section 722 is not a felony. The officer had no right or authority to arrest this defendant for disorderly conduct unless the acts constituting the offense were committed in his presence. The record is devoid of any evidence as to what the acts were or where they took place. There is no proof that any acts which would constitute a violation of section 722 of the Penal Law took place in the presence of the arresting officer. Absent such proof, there could be no conviction for the assault here charged. (*People* v. *Massey*, 7 A D 2d 850, affd. 6 N Y 2d 893; *People* v. *Tedesche*, 3 A D 2d 220; *People* v. *Cherry*, 307 N. Y. 308; *People* v. *Dority*, 282 App. Div. 995; *People* v. *Daniels*, 285 App. Div. 619.) The court, in his charge to the jury, instructed them as to section 180 of the Code of Criminal Procedure. He failed to instruct the jury in regard to section 177 of the code. He declined to charge defendant's request that " a police officer can arrest without a warrant for offenses only if they are committed in his presence " and an exception was duly taken. Since the crux of the case was whether there had been a lawful arrest, such refusal to charge was reversible error. All concur. (Appeal from a judgment of Jefferson County Court convicting defendant of the crime of assault, second degree.) Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.

■ In the Matter of RAYMOND A. DE MAY, Petitioner, against THOMAS E. ROHAN et al., Constituting the State Liquor Authority, Respondents.— Determination confirmed, without costs. All concur. (Review of the action of the State Liquor Authority suspending petitioner's liquor license for a certain period, transferred to the Appellate Division for determination by order of Monroe Special Term, entered on consent of the State Liquor Authority.) Present — Kimball, J. P., Williams, Bastow, Goldman and Halpern, JJ.