[Crim. No. 3383.   Third Dist.   July 11, 1963.]

THE PEOPLE, Plaintiff and Respondent, v. JOHN
FREELAND, Defendant and Appellant.

James D. Walsh, under appointment by the District Court of Appeal, for Defendant and Appellant.

Stanley Mosk, Attorney General, Doris H. Maier, Assistant Attorney General, and John L. Giordano, Deputy Attorney General, for Plaintiff and Respondent.

FRIEDMAN, J.—Approximately two weeks after a burglary had been committed defendant was accosted by two detectives on a downtown Sacramento street. The time was approximately 11 p.m. One of the officers said: "Mr. Freeland, come with us." They searched his car, then took him to police headquarters and interrogated him. They had neither arrest warrant nor search warrant. The officers questioned defendant intermittently for several hours. They had another suspect in another room and moved back and forth, questioning defendant and the other person regarding the burglary which had taken place two weeks earlier. At first defendant denied complicity in the burglary, then admitted it. There are no indications of threats or duress. He was taken to the county jail and booked at 2 a.m. The officers recorded 2 a.m. as the time of arrest although defendant had actually been in their custody for several hours.

The next morning defendant was party to a recorded interview with a member of the district attorney's staff and the same two officers. He reiterated his confession. At his nonjury trial, sole issue was admissibility of the confession. He did not deny his guilt. Objections to the confession were premised, first, on the ground that it was the product of an unlawful arrest,* and second, that it was involuntary, being induced by promises of leniency. On *voir dire* examination defendant testified to such promises and the officers denied them. The prosecution offered no evidence of cause for the arrest. The trial court found that the confession was vol-

---

*Defense counsel stated to the court:
"MR. WELLS: Your Honor, I have then citations to give the Court, if that's the case, and I have a motion, of course, to exclude any admissions. . . .
"MR. WELLS: I want to cite, first of all on this basis, *People* v. *Macias*, 180 Cal.Ap. [*sic*] 2d, 193. As to the evidence so far, thus far elicited, this Defendant was unlawfully, under an unlawful restraint. There is no showing he was lawfully arrested. He was not arrested by reason of a warrant, and there's no reasonable cause shown. And under the authority of *People* v. *Macias*, confessions made under an unlawful restraint are inadmissible."

untary, admitted it in evidence and found defendant guilty. He appeals.

■ The testimony concerning promises of leniency was in direct conflict. The second ground of objection to the confession is not available on appeal, since there was substantial evidentiary support for the finding of voluntariness. (*People* v. *Montano*, 184 Cal.App.2d 199, 210 [7 Cal.Rptr. 307].) Our sole concern is the unlawful arrest contention and its relationship to admissibility of an otherwise voluntary confession.

The argument stems from the exclusionary rule which bars physical evidence and oral testimony which is the "direct result" or the "immediate product" of an unconstitutional search or seizure. (*People* v. *Mickelson*, 59 Cal.2d 448, 449-450 [30 Cal.Rptr. 18, 380 P.2d 658]; *People* v. *Allen*, 214 Cal.App.2d 136 [29 Cal.Rptr. 445]; *People* v. *Macias*, 180 Cal.App.2d 193, 198 [4 Cal.Rptr. 256].) Defendant was arrested without a warrant; there was no evidence of reasonable cause for the arrest; *ergo*, the arrest was an illegal seizure of defendant's person, in violation of Fourth Amendment principles applicable to state prosecutions under the Fourteenth Amendment to the federal Constitution, and in violation of article I, section 19, of the California Constitution and Penal Code section 836; the confession, even if not coerced in fact, was produced by defendant's illegal arrest, hence inadmissible—so runs the thesis which opens the confession to constitutional attack. The argument includes the notion that a confession must pass not only the test of coercion, but also the barrier against evidence obtained as the result of unconstitutional search or seizure; that a confession is no different than other evidence which falls into the prosecution's lap as the fruit of unconstitutional police methods. (See *People* v. *Rodriguez*, 11 N.Y.2d 279, 229 N.Y.S.2d 353 [183 N.E.2d 651].)

■ Initially we recognize that defendant was not present at the police interrogation by invitation. Nor was this a case of temporary detention and questioning on the street. (Cf. *People* v. *Mickelson*, *supra*, 59 Cal.2d at pp. 467-468.; see *People* v. *Ellsworth*, 190 Cal.App.2d 844 [12 Cal.Rptr. 433]; *People* v. *Amos*, 190 Cal.App.2d 384 [11 Cal.Rptr. 834]; *People* v. *Bruno*, 211 Cal.App.2d Supp. 855 [27 Cal.Rptr. 458].) Two detectives had accosted the defendant at night and said: "Mr. Freeland, come with us." His car was

searched and he was taken to the police station. Although he was not handcuffed, there was such actual restraint and submission to custody as to constitute an arrest. (Pen. Code, § 835.) One of the officers testified that they were arresting defendant. The arrest having been made without a warrant and its legality being questioned in the trial court, the prosecution had the burden of justifying it. (*Tompkins* v. *Superior Court,* 59 Cal.2d 65, 67 [27 Cal.Rptr. 889, 378 P.2d 113]; *Badillo* v. *Superior Court,* 46 Cal.2d 269, 272 [294 P.2d 23].) By inference, the officers had some reason to suspect and apprehend defendant. There is no evidence of exigent circumstances and no apparent reason why the police could not have secured a warrant. If a warrant had preceded the arrest or if reasonable cause had been demonstrated in the trial court, the confession would have been unassailable. The prosecution, however, made no effort to redeem the arrest from the taint of illegality. On the record before us, defendant was in custody as the result of an unconstitutional seizure of his person.

In 1943 the federal Supreme Court established the "*McNabb* rule" which, in federal prosecutions, bars confessions produced by police interrogation during the defendant's illegal detention. (*McNabb* v. *United States,* 318 U.S. 332 [63 S.Ct. 608, 87 L.Ed. 819]; see also *Upshaw* v. *United States,* 335 U.S. 410 [69 S.Ct. 170, 93 L.Ed. 100]; *Mallory* v. *United States,* 354 U.S. 449 [77 S.Ct. 1356, 1 L.Ed.2d 1479]; Hogan and Snee, *The McNabb-Mallory Rule: Its Rise, Rationale and Rescue,* 47 Georgetown L.J. 1.) In 1961 *Mapp* v. *Ohio,* 367 U.S. 643 [81 S.Ct. 1684, 6 L.Ed.2d 1081], established the doctrine that the federal rule excluding evidence obtained as a result of unconstitutional searches and seizures was applicable to state criminal prosecutions as an expression of due process of law guaranteed by the Fourteenth Amendment. In another decision, filed on the same day as *Mapp,* several members of the court declared:

"The McNabb case was an innovation which derived from our concern and responsibility for fair modes of criminal proceeding in the federal courts. The States, in the large, have not adopted a similar exclusionary principle. And although we adhere unreservedly to *McNabb* for federal criminal cases, we have not extended its rule to state prosecutions as a requirement of the Fourteenth Amendment. . . ." (*Culombe* v. *Connecticut,* 367 U.S. 568, 600-601 [81 S.Ct.

1060, 6 L.Ed.2d 1037]; see also *Gallegos* v. *Nebraska,* 342 U.S. 55, 63, 64 [72 S.Ct. 141, 96 L.Ed. 86].)

In *Rogers* v. *Superior Court,* 46 Cal.2d 3 [291 P.2d 929], the California Supreme Court accepted the last stated position, holding that the *McNabb* rule is not a due process requirement, does not govern admissibility of confessions in state criminal prosecutions and that an otherwise voluntary confession is admissible, although made during a period of illegal detention. Within recent weeks, a *dictum* in *Ker* v. *California,* 374 U.S. 23 [83 S.Ct. 1623, 10 L.Ed.2d 726], has fortified the idea that the *Mapp* case does not inject the *McNabb* rule into state criminal prosecutions. *Ker* v. *California* has to all appearances insulated the *Rogers* rule from further scrutiny at the hands of the federal courts. As we view the *Rogers* rule, absence of coercion and inducement continues to be the sole criterion of confession admissibility in California criminal prosecutions; illegal detention is only one of the factors which determine whether the statement was voluntary. (*Rogers* v. *Superior Court, supra,* 46 Cal.2d at p. 10; *People* v. *Garner,* 57 Cal.2d 135, 141-142 [18 Cal.Rptr. 40, 367 P.2d 680]; *People* v. *Gauthier,* 205 Cal.App.2d 419, 430 [22 Cal.Rptr. 888].)

The *Rogers* rule controls the present case, but not because both involve confessions made during periods of illegal detention. Of course there are different sorts of illegal detention. In *Rogers,* as in *McNabb* and allied cases, the illegal detention consisted of delay in taking the prisoner before a magistrate, in violation of either state law or federal procedural rules. (See also *Cleary* v. *Bolger,* 371 U.S. 392 [83 S.Ct. 18, 9 L.Ed.2d 390].) Here the illegal detention has a different coloration. Here the illegality consists of an unconstitutional seizure of defendant's person.

As noted in *Rogers,* 46 Cal.2d at p. 10: "There is a basic distinction between evidence seized in violation of the search and seizure provisions of the Constitution of the United States and the Constitution of California and the laws enacted thereunder, and voluntary statements made during a period of illegal detention." The distinction does not turn on the source of illegality, whether constitutional or statutory; nor on the kind of evidence, physical or testimonial, confession or otherwise. The pivotal factor is the causal relationship between the illegality, on the one hand, and the questioned evidence on the other. This causal relationship has been the subject of diverse descriptive phrases such as "di-

rect result," "essential connection," "necessary product," and "immediate product." (*People* v. *Mickelson, supra,* 59 Cal.2d at p. 449; *Badillo* v. *Superior Court, supra,* 46 Cal.2d at p. 273; *Rogers* v. *Superior Court, supra,* 46 Cal.2d at p. 10; *People* v. *Allen, supra,* 214 Cal.App.2d at p. 138; *People* v. *Macias, supra,* 180 Cal.App.2d at p. 198.) In the oft-quoted phrase of Mr. Justice Frankfurter, the relation-ship has been likened to "a fruit of the poisonous tree." (*Nardone* v. *United States,* 308 U.S. 338, 341 [60 S.Ct. 266, 84 L.Ed. 307].)

As to the particular kind of evidence at issue, a confession, the ultimate test of admissibility remains that of volition in fact. If the individual's "will was overborne," if his confession was not "the product of a rational intellect and his free will," it is inadmissible because coerced. (*Townsend* v. *Sain,* 372 U.S. 293 [83 S.Ct. 475, 9 L.Ed.2d 770, 782]; see *People* v. *Garner, supra,* 57 Cal.2d at pp. 162-163, concurring opinion.) If the individual confesses his offense because he wills to confess, his statement is the product of his own choice, not that of the illegal restraint. To borrow a phrase from another area of the law, the choice of the accused becomes an independent, intervening cause of his confession, and his illegal restraint becomes only a collateral circumstance, not a cause.

Thus the Washington Supreme Court recently sustained admission in evidence of a confession made after arrest without probable cause where, under the facts, the arrest and accompanying circumstances were not coercive elements in producing the confession. (*State* v. *Keating,* 61 Wn.2d 452 [378 P.2d 703].)

We have been impelled to examine this matter closely. ▉ Illegally secured prosecution evidence is excluded because government must not be allowed to profit by its own wrong and because the courts refuse to condone lawless activities of law enforcement officers. (*People* v. *Cahan,* 44 Cal.2d 434, 445 [282 P.2d 905, 50 A.L.R.2d 513]; *People* v. *Martin,* 45 Cal.2d 755, 761 [290 P.2d 855].) ▉ In cases sustaining admissibility in the face of illegal conduct, the court was able to satisfy itself that the conduct was entirely unrelated and collateral to procurement of the questioned evidence. (*People* v. *Maddox,* 46 Cal.2d 301, 305 [294 P.2d 6]; *Rogers* v. *Superior Court, supra,* 46 Cal.2d at p. 11.) In all realism there is a more palpable connection here. We give little consequence to the second confession the morning after.

defendant's arrest; it simply flowed in the channel created by his confession the preceding evening. The latter was made in the course of an interrogation immediately following his illegal arrest. The arrest created the occasion for the interrogation which produced the confession. Yet defendant told his tale within two hours. He was not exhausted by extended restraint or prolonged grilling; not exposed to physical or psychological strains other than those affecting any crime suspect who is quizzed by the police; not subjected to hunger or thirst; his resistance not sapped. The circumstances smack of catharsis rather than the knout. His will was not overborne, his confession not coerced. It was the direct result of his voluntary choice and not the direct result of his illegal arrest.

Judgment affirmed.

Pierce, P. J., and Schottky, J., concurred.