**Charles Wayne LACEFIELD, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 40161.**

Court of Criminal Appeals of Texas.

March 15, 1967.

Tim C. Curry, Fort Worth, for appellant.

Frank Coffey, Dist. Atty., Grady Hight, Asst. Dist. Atty., Fort Worth, and Leon B. Douglas, State's Atty., Austin, for the State.

## OPINION

ONION, Judge.

The offense is Burglary of a Private Residence at Night with Intent to Commit Theft; the punishment, 50 years confinement in the Texas Department of Corrections.

The trial concluded on December 14, 1965. Notice of appeal was given on March 7, 1966.

Jo Moree, age 20, testified that she retired at approximately midnight on August 11, 1965; that she screamed when she awakened, several hours later, to find someone in her bedroom; that she was slugged in the chest and later discovered that she was stabbed in her chest and in her arm. She related that her bedroom was dark at the time and she saw only the form of her assailant as he fled.

Frank Moree testified that he had the care, custody and control of the Tarrant County house in question; that he resided there with his wife, daughter Jo and son, Frank, Jr. He related that he was awakened at 3:20 a. m on the date in question by his daughter's screams and ran to her aid. He further related he had not given consent to the appellant to break and enter his house. He was present when a western straw hat, later identified as belonging to appellant, was found by the police under his daughter's bed.

Frank Moree, Jr., was also awakened by his sister's screams. He identified appellant as the man he saw running out of his sister's bedroom, and leave by the kitchen door.

Appellant's sole ground of error is that the trial court erred in admitting, over objection, his written confession into evi-

dence. He urges that the confession, revealing that he had entered the Moree house to search for money, was the result of an illegal arrest without warrant or probable cause, and was therefore inadmissible.

Prior to the introduction of the confession the careful trial judge removed the jury from the courtroom and conducted a hearing on the voluntariness of the confession in accordance with the procedure recommended by this Court in Lopez v. State, Tex.Cr.App., 384 S.W.2d 345.

The evidence produced at the hearing reveals that at approximately 1:10 p. m. on August 16, 1965, Detective Wiggins went to the Arlington High School to investigate the second complaint received by the Arlington Police Department from the school principal that an older man and a young female were "making love" in the bleachers on the school's football field. Upon arriving, Wiggins went to the principal's office where he was informed that the man was still in the bleachers.

At the empty football field Wiggins observed the 23 year old appellant and a 14 year old girl seated on the bleachers. The appellant was not committing any overt act and did not attempt to flee.

At this time Wiggins had no warrant of arrest.

After asking for identification, Wiggins related, he requested the appellant to accompany him to the police station where the investigation soon turned to the theft of a knife in which appellant was a suspect. Shortly thereafter a report was received from the same school identifying appellant as the man seen leaving a burglarized school building and upon confirming such identification, Wiggins testified, he placed the appellant under arrest for the first time. During the investigation of the alleged school burglary, suspicion began to focus upon the appellant with regard to the case at bar as he fitted the description given of Jo Moree's assailant and smoked the same brand of cigarettes as the one found outside of her bedroom window.

Within four or five hours after leaving the football field with Detective Wiggins, and prior to giving any confession, appellant was taken before a magistrate who gave him the warning now set out in Article 15.17, Vernon's Ann.C.C.P., 1965 (not then in effect) including the right to counsel and the right to appointed counsel if he was unable to obtain an attorney. He then was given the statutory warning required by old Article 727, V.A.C.C.P., 1925, then in effect, by Bob Mills, Assistant District Attorney. Thereafter, at 7:10 p. m., the appellant gave and signed a written statement after reading the same and making one correction.

Appellant, testifying in his own behalf on the issue of voluntariness, contended he was merely sitting in the bleachers with the 14 year old girl watching some boys play tag football. He related that he was under the impression that he was arrested when the officer asked for identification, and that he was searched before being placed in the police car. His statement as to the search is contradicted by the testimony of Detective Wiggins and the 14 year old girl who was present.

At the conclusion of the hearing, the judge found that the officer had probable cause for the arrest (though the record does not reflect which arrest) and that the confession was freely and voluntarily given and therefore admissible. No issue as to voluntariness was subsequently raised before the jury.

It does not appear that appellant seriously questions the voluntariness of the confession. The question posed by appellant is whether or not a confession concededly voluntary is to be excluded from evidence if made by the appellant following an unlawful arrest.

It is appellant's contention that the arrest occurred at the football field and that at such time the officer had no warrant or

probable cause for arrest. He further contends there was no showing by the State that a felony or a breach of the peace was committed in the officer's presence, or that the appellant had committed a felony and was about to escape, or that any facts were established that would have justified the appellant being arrested without a warrant. No city ordinance enacted pursuant to the authority of Article 214, C.C.P., 1925, was introduced.

Appellant's argument, as we understand it, is that to constitute a lawful arrest without a warrant there must be a statute authorizing an arrest under a specified situation, and probable cause to believe the situation specified in the statute exists. It is his contention that these two indispensable prerequisites were not present in the case at bar.

It is the state's contention, on the other hand, that if the original arrest took place at the football field the officer had adequate probable cause based upon the information received from the school principal (with whom he was acquainted and knew to be a credible person) and his own personal observation.

The State further argues that the events which followed the "arrest" including the intervention of time, the warnings by the magistrate and assistant district attorney, are sufficient to demonstrate that the written statement was the act of free will on the part of the appellant and to purge the statement of the stigma of the "arrest".

■ There is no need to prolong the discussion of the question of the legality of the arrest for this Court has repeatedly held, under the 1925 Code of Criminal Procedure, which is the statutory law applicable to the case at bar, that it is the illegal detention and not an illegal arrest which under certain circumstances will vitiate a confession. Hughes v. State, Tex.Cr.App., 409 S.W.2d 416; Dugger v. State, 402 S.W.2d 178; Ward v. State, Tex.Cr.App., 399 S.W.2d 567; Garza v. State, Tex.Cr. App., 397 S.W.2d 847; Benitez v. State, Tex.Cr.App., 377 S.W.2d 651; Smith v. State, 171 Tex.Cr.R. 313, 350 S.W.2d 344; Head v. State, 160 Tex.Cr.R. 42, 267 S.W. 2d 419. Therefore, a confession otherwise shown to have been voluntary is not rendered inadmissible by the fact that its author was under arrest or in custody at the time, even though the arrest may have been under invalid process or without any process or legal right.

■ Nevertheless, appellant contends that in view of the decision in Collins v. Beto (5th Cir.) 348 F.2d 823, citing Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441, the rule above stated no longer applies and a confession obtained as a result of an illegal arrest and introduced in a state criminal proceeding is in violation of the Fourth Amendment, U.S. Constitution and the exclusionary rule applicable to the states by virtue of the Fourteenth Amendment, U.S. Constitution. See Mapp v. State of Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

Appellant's contention is without merit. Collins v. Beto, supra, is clearly distinguishable from the case at bar on its facts alone. While Chief Judge Tuttle cited Wong Sun, supra, in his opinion, Judge Friendly concurred in the result to make it the majority opinion but expressly refrained from basing his decision on Wong Sun, supra, a federal prosecution.

As stated by the United States Supreme Court in Wong Sun, supra: "The exclusionary rule has traditionally barred from trial physical, tangible materials obtained either during or as a direct result of an unlawful invasion," and "matters observed (or overheard) during an unlawful invasion * * *." Wong Sun extended this rule to "verbal evidence which derives so immediately from an unlawful entry and an unauthorized arrest as the officers' action in the present case * * *." In Wong Sun, federal officers without probable cause broke open a door and followed the defendant Toy into his living quarters where he

was handcuffed and placed under arrest and at that time made oral statements held by the Supreme Court to be within the exclusionary rule. Toy's statement was found to be so intimately bound up with the conditions and circumstances of the arrest as not to be an act of a wholly free will. The decision rested on the oppressive circumstances there present.

Both state and federal courts have had occasion to pass on the contention here made that a confession following an illegal arrest is ipso facto inadmissible under Wong Sun. The contention has been generally rejected. Rogers v. United States, 330 F.2d 535, 540–542 (5th Cir.); Hollingsworth v. United States, 321 F.2d 342, 350–351 (10th Cir.); Burke v. United States, 328 F.2d 399, 402–403 (1st Cir.) affirming 215 F.Supp. 508, 511; United States v. McCarthy, 249 F.Supp. 199; State v. Keating, 61 Wash.2d 452, 378 P.2d 703; Prescoe v. State, 231 Md. 486, 191 A.2d 226; People v. Freeland, 218 Cal.App.2d 199, 32 Cal.Rptr. 132; State v. Kitashiro (Hawaii) 397 P.2d 558.

■ The oppressive circumstances present in Wong Sun, supra, are entirely lacking in the case at bar. There is no claim of an unlawful search or a seizure of property; nor is there a claim that any evidence in the hands of the prosecutor flowed from an unlawful search and seizure. The incriminating statement was not verbal or contemporaneous with the arrest. The evidence reflects that there was ample reason to detain appellant and that his detention did not vitiate the confession. The record does not demonstrate, nor is it here affirmatively contended that the defendant was held incommunicado for an extended period of time, denied food or drink or critically deprived of his capacity for self determination. Here no framework or coercion has been established. We find nothing in Wong Sun to require a holding that the confession here was improperly admitted.

The judgment is affirmed.