William LeRoy EWING, Appellant,

v.

UNITED STATES of America,
Appellee.

Albert Norvell ROSS, Appellant,

v.

UNITED STATES of America,
Appellee.

Nos. 10115, 10116.

United States Court of Appeals
Tenth Circuit.

Jan. 3, 1969.

Paul B. Godfrey, Cheyenne, Wyo., for appellant, William LeRoy Ewing.

Susan Graham Barnes, Lakewood, Colo., for appellant, Albert Norvell Ross.

LeRoy V. Amen, Asst. U. S. Atty. (Robert N. Chaffin, U. S. Atty., with him on the brief), for appellee.

Before PHILLIPS, SETH and HILL, Circuit Judges.

SETH, Circuit Judge.

Appellants were indicted and convicted of bank burglary and conspiracy to commit bank burglary in violation of 18 U.S.C. §§ 2113(a), 2, and 371.

Appellants have taken separate appeals and are separately represented in this court. The appellants assert that the trial court was in error in admitting the testimony of a coconspirator, in submitting the case to the jury; and in not holding that they were deprived of their rights at their arrest, on their removal from the state of Texas to Wyoming, and in the delay in trial.

The record shows that a bank insured by the Federal Deposit Insurance Corporation and located at Newcastle, Wyoming, was unlawfully entered on November 26, 1967. A complaint was signed charging that the appellants and one

Milton M. Hopkins-Colon participated in the burglary. Some time thereafter the appellants were arrested in Amarillo, Texas, on state charges and were there placed in jail. Attempts were then made to remove the appellants and Hopkins-Colon to Wyoming on the federal charges, but the procedure was deficient. Later the appellants and Hopkins-Colon were indicted by a Wyoming grand jury and appellants thereafter waived hearing on removal and were then taken to Wyoming. This indictment was found to be defective, but they were reindicted. In the second indictment, an additional count, the conspiracy count, was added to the substantive offense which had theretofore been charged. The indictment as to Hopkins-Colon was dismissed before trial, and he testified at the appellants' trial as a witness for the Government.

■ The ground first asserted by the appellants on this appeal relates to the lawfulness of their arrest. They urge lack of probable cause and assert that the initial complaint and the subsequent indictment were insufficient to warrant their arrest since each was based upon investigations conducted by the Federal Bureau of Investigation. The appellants on this point rely basically on Giordenello v. United States, 357 U.S. 480, 78 S.Ct. 1245, 2 L.Ed.2d 1503, and United States v. McCarthy, 249 F.Supp. 199 (E.D.N.Y.). These cases and the others advanced by the appellants however relate fundamentally to the question surrounding the use of evidence obtained upon an unlawful arrest and not to the arrest itself. There is no issue in this case relating to evidence secured at the time of the arrest. There is no authority cited by the appellants that an unlawful arrest, if there be one, thereafter voids all subsequent proceedings. In any event the record shows that the appellants at the time of arrest were incarcerated on state charges in the Amarillo jail. A federal complaint and arrest warrants had issued at the time they were taken into custody by the federal authorities. The difficulties with the initial complaint and removal proceedings cast no real doubt on the arrests. There was sufficient cause for their arrests and we find no error in the actions of the trial court on this issue.

■ Appellants urge as an additional point that they were denied a speedy trial. The record shows no violation of the appellants' right in this connection. There was some delay between the time that they were initially jailed on state charges until they were tried. They were arrested by federal authorities in December 1967; they were first indicted on January 17, 1968, and tried on April 2 and 3, 1968. There is nothing in the record to show that they were not tried as soon as the orderly conduct of the court permitted. We must also take into consideration the fact that the removal was necessary, that one removal hearing was had which was apparently not completed, and the grand jury had to convene. No unnecessary delay has been demonstrated. See United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L.Ed.2d 627, and Webber v. United States, 395 F.2d 397 (10th Cir. 1968).

■ The appellants argue in their brief as to the admissibility of certain statements made by the coconspirator Hopkins-Colon to authorities in Amarillo, Texas. The statements were not used but the appellants assert that the actual testimony of this witness who appeared at the trial should have been excluded by reason of the fact that statements were theretofore illegally obtained from him. On this point they cite Weeks v. United States, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652; Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441; Gilbert v. California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, and similar cases. These cases concern situations where the asserted illegal activity was directed against the person complaining thereof and not against a third party. The appellants concede they have no standing to assert Hopkins-Colon's rights, but urge that illegally obtained evidence should be excluded. There is no showing as to how the state-

ments were obtained. The witness appeared during the course of the trial, testified, and was cross-examined. There simply was no showing that this appearance or testimony was derived from any prior questionable police activity, as in Wong Sun and related cases.

■ The appellants as an additional point on appeal urge that it was improper for the Government to add a conspiracy count in the second indictment. The first indictment, as indicated above, was dismissed because of a typographical error, and they thus urge that a subsequent indictment to replace the one dismissed could not add additional counts. There is no authority for appellants' position on this point, and there is no issue presented of multiplication of counts for a single offense or event. The case cited by appellants, United States v. Ewell, 383 U.S. 116, 86 S.Ct. 773, 15 L. Ed.2d 627, concerned such an issue but it is not here material.

■ The remaining points of the appellants relate to the sufficiency of the evidence as a whole and to the admissibility of the testimony of the accomplice or coconspirator Hopkins-Colon. These points are related. We have carefully examined the record, and it clearly appears that the court adequately and emphatically instructed the jury as to how it should consider the testimony of an accomplice. The trial court pointed out that such evidence is admissible and competent even if unsupported or uncorroborated. The record here shows that the testimony of the accomplice was properly admitted and properly considered by the jury. There was sufficient evidence considering this testimony and the evidence which went to corroborate and substantiate it for the case to have been submitted and for the jury to have reached the result that it did.

We have also considered the other points urged by the appellants including their removal to Wyoming, but find no error.

Affirmed.