[Crim. No. 3569. Fourth Dist., Div. One. July 31, 1970.]

THE PEOPLE, Plaintiff and Respondent, v.
EDWARD HARMON DEAM, JR., Defendant and Appellant.

**COUNSEL**

Lloyd Nocker for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and Rose-Marie Gruenwald, Deputy Attorney General, for Plaintiff and Respondent.

**OPINION**

**COUGHLIN, J.**—Defendant was charged with the offenses of attempting to commit an abortion and of committing an abortion; was acquitted of the former and convicted of the latter; was placed on probation; and appeals.

An undercover agent acting as a decoy, pretending she was pregnant,

solicited from and obtained an interview with defendant, a chiropractor suspected of engaging in the practice of performing abortions. At the time of the events under consideration defendant's license had expired and had not been renewed. He had studied obstetrics and gynecology. The undercover agent met with defendant pursuant to her previous arrangement; in response to his inquiry stated she had been pregnant for six weeks; asked and received information from him respecting the methods he used to effect a miscarriage; asked about and was told "his price was $250.00"; also was told the method used would depend upon the results of a physical examination; and made arrangements for further contact by telephone. Thereafter the agent telephoned defendant and arranged he should meet her at an apartment. Pursuant to this arrangement, defendant went to the apartment in an automobile which he parked near the building; took with him an attache case containing paraphernalia used to effect a miscarriage; in response to an inquiry from the agent explained what he would do would depend upon an examination of her; and suggested she put on a robe in order that he might make such an examination. The agent left the room purportedly to prepare for the examination. Thereupon a police officer entered; told defendant he was under arrest for attempted abortion; advised him of his constitutional rights; and interrogated him respecting his activity, the contents of the attache case and the purposes for which they were used. The officer had been in an adjoining room and heard all of the conversation between defendant and the agent. The attache case and its contents were taken into custody. Another officer searched defendant's automobile and took from it a telephone directory and an appointment book belonging to defendant. The record does not show when in relation to the time of defendant's arrest, the automobile was searched. ■ From the appointment book the police obtained the name of a woman who was the subject of the abortion charged against him. The evidence dictates the conclusion without this information the police would not have known of the alleged abortion.

Before the trial, defendant moved to suppress all of the evidence resulting from the search of his automobile on the ground the search was illegal. It was stipulated defendant was not arrested pursuant to a warrant of arrest and the search was not conducted pursuant to a search warrant. The People contend the search was lawful as an incident to a lawful arrest based upon probable cause. We conclude the search was not made as an incident to a lawful arrest; was exploratory; and for these reasons was illegal. As a consequence, the charge of abortion premised on the result of that search may not be maintained.

■ At the most the evidence shows defendant believed the agent was pregnant and intended to perform an abortion; shows acts in preparation

for the commission of an abortion; but does not show any direct, unequivocal act toward the commission of an abortion, which is a prerequisite to proof of the offense of attempted abortion. As a consequence, defendant's conduct did not constitute the offense of an attempt to commit abortion. The foregoing conclusions are dictated by the decision in *People* v. *Holbrook,* 45 Cal.2d 228, 232 [288 P.2d 1], the facts of which are analogous to those in the case at bench in all material aspects. (See also *People* v. *Gallardo,* 41 Cal.2d 57, 66 [257 P.2d 29].)

■ Defendant was arrested for misconduct not constituting a public offense. The information possessed by the officer making the arrest furnished probable cause to believe defendant was guilty of misconduct but, as the misconduct did not constitute a public offense, did not furnish probable cause to believe he had committed a public offense. ■ A search as an incident to an arrest without a search warrant, not based on probable cause, is illegal. (*Henry* v. *United States,* 361 U.S. 98, 102 [4 L.Ed.2d 134, 138, 80 S.Ct. 168, 171]; *People* v. *Allen,* 214 Cal.App.2d 136, 138 [29 Cal.Rptr. 455].)

■ The arresting officer testified he had been informed by a woman named Parrup that defendant had performed an abortion upon her. The prosecution contends this testimony furnished probable cause to arrest defendant for the offense of abortion involving this woman. However, defendant was neither arrested for nor charged with this offense. Under these circumstances, assuming the existence of probable cause to believe defendant had committed the prior offense, it did not justify a search made as an incident to his unlawful arrest for attempted abortion. (Cf. *People* v. *Sanders,* 46 Cal.2d 247, 250 [294 P.2d 10].) Furthermore, the trial court did not premise its order denying defendant's motion to suppress upon the conclusion his arrest was lawful because there was probable cause to believe he had committed the prior offense.

■ In any event the search of defendant's automobile was illegal because it lacked a legitimate objective. A search as an incident to an arrest to discover and preserve evidence is limited to the discovery of evidence respecting the specific offense for which the arrest was made, and may not be exploratory, for the sole purpose of discovering incriminating evidence of other offenses. (*People* v. *Schaumloffel,* 53 Cal.2d 96, 99-103 [346 P.2d 393]; *Virgil* v. *Superior Court,* 268 Cal.App.2d 127, 132 [73 Cal.Rptr. 793]; *People* v. *Tellez,* 268 Cal.App.2d 375, 380 [73 Cal.Rptr. 892]; *People* v. *Mills,* 148 Cal.App.2d 392, 398-404 [306 P.2d 1005].) An arrest may not be used as a pretext to conduct a general search for incriminating evidence. (*People* v. *Haven,* 59 Cal.2d 713, 719 [31 Cal. Rptr. 47, 381 P.2d 927]; *People* v. *Roberts,* 47 Cal.2d 374, 378 [303

P.2d 721].) When defendant was arrested for the offense of attempted abortion the police forthwith came into possession of all of the evidence pertinent to proof of his commission of that alleged offense; had been informed by the undercover agent of the details preliminary to the episode in her apartment; heard all that took place after defendant entered the apartment; and took into custody defendant's attache case with its contents, proving he had in his possession all of the paraphernalia essential to committing an abortion. Any search of his automobile could not have led to the discovery of any additional evidence in proof of the offense for which he was arrested. The officer who made the search did not testify. Insofar as shown by the evidence the only objects seized upon a search of the automobile were a telephone directory and an appointment book from which the police obtained the name of the subject of the prior abortion for which defendant thereafter was charged. There being no evidence the searching officer reasonably could have believed the search would produce evidence of the offense for which defendant was arrested, it must be concluded the motive for the search was to find evidence of other crimes. (*People* v. *Tellez, supra,* 268 Cal.App.2d 375, 379; see also *People* v. *Demoray,* 5 Cal.App.3d 127, 130 [84 Cal.Rptr. 924].)

The case at bench is factually similar in many respects on the issue at hand to that in *People* v. *Schaumloffel, supra,* 53 Cal.2d 96, where the court reversed the conviction of a defendant for performing an abortion upon a woman whose name was discovered upon a search of the records in his office following his arrest for performing an abortion on another woman; stated the card from which the police obtained the name of the woman upon whom it later was discovered defendant had performed an abortion was not connected in any way with the "specific offense" for which defendant had been arrested; and held the search resulting in the seizure of that card was exploratory and illegal. As in the cited case, the information obtained by the police in a search of the appointment book resulting in his conviction was in no way connected with the charge for which he was arrested or, assuming probable cause existed to believe he had performed an abortion upon Parrup, in connection with an arrest for the latter offense, assuming such an arrest had been made. ▮ Under these circumstances, the motion to suppress the evidence resulting in the search of the automobile should have been granted and defendant's conviction, which is premised upon the testimony of the woman upon whom he allegedly performed an abortion, may not stand. (*People* v. *Quicke,* 71

Cal.2d 502, 522 [78 Cal.Rptr. 683, 455 P.2d 787]; *People* v. *Schaumloffel, supra,* 53 Cal.2d 96, 103.)

The judgment is reversed.

Brown (Gerald), P. J., and Ault, J., concurred.